Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BIG GREEN GROUP, LLC, *et al.*, <br><br> *Defendants*. | Civil Action No. 19-11500 (JMV)(JBC) <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This case concerns the breach of insurance contracts for failure to remit premium payments. D.E. 1. Currently pending before the Court is an unopposed motion for default judgment pursuant to Fed. R. Civ. P. 55(b) by Plaintiffs Zurich American Insurance Company ("ZAIC") and Zurich American Insurance Company of Illinois ("ZAIC Illinois") (collectively, "Plaintiffs") against Defendants Big Green Group, LLC; BGG Holdings I, LLC; and The Dennis Group, LLC (collectively, "Defendants"). D.E. 9. The Court reviewed all submissions made in support of this motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiffs' motion for default judgment is **DENIED**.

## I. BACKGROUND[1]

Plaintiffs issued workers compensation insurance policies to Defendants, under which Defendants failed to remit full payment of premiums. *See generally* D.E. 1 ("Compl."). Plaintiffs therefore brought claims for breach of contract, account stated, and unjust enrichment. Compl. ¶¶ 39-59. Plaintiffs filed their Complaint on April 26, 2019. D.E. 1. Plaintiffs thereafter moved for entry of default on June 14, 2019, D.E. 4, which the Clerk of the Court declined to enter because service did not appear proper. *Id.* Plaintiffs subsequently filed a motion for reconsideration, D.E. 5, which they later withdraw, choosing instead to refile another motion for entry of default, D.E. 7. Upon entry of default, Plaintiffs then moved for default judgment as to all Defendants. D.E. 9.

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 55(a) allows for the entry of default against a party who "has failed to plead or otherwise defend" claims against him. Fed. R. Civ. P. 55(a). Once a default has been entered, the plaintiff "may [then] seek the Court's entry of default judgement under either Rule 55(b)(1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008); *see also Nationwide Mutual Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 1984) ("Prior to obtaining a default judgment . . . there must be entry of default as provided by Rule 55(a)."). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d

---

[1] The Court derives the facts from Plaintiffs' Complaint, D.E. 1, as well as the certifications and exhibits submitted in conjunction with Plaintiffs' motion for default judgment, D.E. 9. *See Trustees of the Teamsters Pension Trust Fund of Phila. & Vicinity v. Riccelli Premium Produce, Inc.*, No. 10-3000, 2011 WL 1114175, at *1 (D.N.J. Mar. 23, 2011).

2

532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Philadelphia and Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005)).

Prior to entering a default judgment, the court must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Gro. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 20, 2015). Additionally, the court must consider the following factors: (1) the prejudice suffered by the party seeking default; (2) whether the party subject to default has a meritorious defense; and (3) the culpability of the party subject to default. *Doug Brady, Inc.*, 205 F.R.D. at 177. Importantly, "district courts must resolve all doubt in favor of proceeding on the merits." *Id.* (citing *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987)).

Default was entered as to all Defendants on July 15, 2019. D.E. 8. However, "[b]efore the Court can enter default judgment, it must find that process was properly served on the [d]efendant[s]." *Teamsters*, 2011 WL 4729023, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)). Here, default judgment is not warranted because it appears that Plaintiffs did not properly serve Defendants. At the very least, the Court has serious concerns regarding Plaintiffs' service.

Plaintiffs initially attempted to serve Defendants via process server at the listed address of Defendants' registered agent, but the process server could not effectuate service because the

3

registered agent had apparently moved without providing a forwarding address. D.E. 9-2, Yablonsky Cert., ¶ 3. Thereafter, Plaintiffs attempted to serve Defendants via process server at their principal place of business; however, the process server again was unable to effectuate service because the provided address instead belonged a different company. *Id.* ¶ 4. Plaintiffs then claim that they were subsequently contacted via telephone by Defendants' counsel, William Solomon, who informed Plaintiffs that he was "representing Defendants in regard to the instant litigation," was "authorized to accept service of the Complaint on behalf of Defendants," and "would indeed accept service of the Complaint on behalf of Defendants." *Id.* ¶ 5. As a result, Plaintiffs served Mr. Solomon via (1) certified mail, return receipt requested, and (2) email, acknowledgement of service requested. *Id.* ¶ 6. Plaintiffs contend that this was proper service of process. The Court disagrees.

Plaintiffs argue that they effectuated proper service under Federal Rule of Civil Procedure 4(h)(1)(A) and the accompanying Rule 4(e)(1) by serving Defendants in accordance with N.J. Ct. R. 4:4-4(c)(1). D.E. 9-8, Yablonsky Cert., Ex. F, ¶ 15. Federal Rule of Civil Procedure 4(h)(1)(A) states:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual[.]

Fed. R. Civ. P. 4(h)(1)(A). The accompanying Federal Rule of Civil Procedure 4(e)(1) states:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:

4

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

Fed. R. Civ. P. 4(e)(1). Accordingly, Plaintiffs argue that service on Defendants was proper because service was made on Mr. Solomon – Defendants' alleged attorney – pursuant to N.J. Ct. R. 4:4-4(c)(1). Yablonsky Cert., Ex. F, ¶¶ 14-15. Specifically, Plaintiffs argue that "[s]ervice of the Defendants upon Mr. Solomon [was] proper as, by retaining him as counsel and providing him with the authority to accept service of the Complaint, he became a 'person authorized by appointment or by law to receive service of process on behalf of [a] corporation' pursuant to [N.J. Ct. R.] 4:4-4(c)(1)." *Id.* ¶ 14 (emphasis removed).

N.J. Ct. R. 4:4-4(c)(1), however, does not exist. Rather, it appears that Plaintiffs are referring to a citation to N.J. Ct. R. 4:4-4(c)(1) found in *Trustees of Loc. 478 Trucking and Allied Industries Pension Fund v. Baron Holding Corp.*, 224 N.J. Super 485 (App. Div. 1988) (citing N.J Ct. R. 4:4-4(c)(1) for the proposition that "[t]he pertinent portion of [New Jersey Court] Rule [4:4-4] provides that proper service of a corporation is upon either an officer, director, trustee, or managing or general agent; or any person authorized by appointment or by law to receive service of process on behalf of the corporation"); *see also* Yablonsky Cert., Ex. F, ¶¶ 11, 14. The Court notes, however, that *Baron Holding Corp.* was decided over thirty years ago and presumably referenced the New Jersey Court Rules in effect in 1988.

With respect to the current New Jersey Court Rules, N.J. Ct. R. 4:4-4(c) does not contain sub-provisions. N.J. Ct. R. 4:4-4(c) states, in relevant part, that

> [w]here personal service is required to be made pursuant to paragraph (a) of this rule, service, in lieu of personal service, may be made by registered, certified or ordinary mail, provided, however, that such service shall be effective for obtaining in personam jurisdiction *only if the defendant answers the complaint or otherwise appears in response thereto, and provided further that*

> *default shall not be entered against a defendant who fails to answer or appear in response thereto.*

N.J. Ct. R. 4:4-4(c) (emphasis added). Thus, Rule 4:4-4(c) apparently requires the Court to deny the current motion because Defendants did not file answers or otherwise appear in this matter.

The language cited by Plaintiffs in reference to N.J. Ct. R. 4:4-4(c) appears to instead mirror the language found in N.J. Ct. R. 4:4-4(a)(6). *Compare* Yablonsky Cert., Ex. F, ¶ 14 (arguing that service was proper under N.J. Ct. R. 4:4-4(c)(1) because Mr. Solomon was a "person authorized by appointment or by law to receive service of process on behalf of the corporation") (emphasis removed), *with* N.J. Ct. R. 4:4-4(a)(6) (explaining that in personam jurisdiction may be obtained over a defendant by personally serving "any person authorized by appointment or by law to receive service of process on behalf of the corporation"). But even construing Plaintiffs' method of service under N.J. Ct. R. 4:4-4(a)(6), service would still be improper because N.J. Ct. R. 4:4-4(a) explicitly requires that "the summons and complaint [] be *personally served*" – *i.e.* not by mail or email. *See* N.J. Ct. R. 4:4-4(a) (explaining that the "primary method of obtaining in personam jurisdiction over a defendant in [New Jersey] is by causing the summons and complaint to be *personally served* within [New Jersey]") (emphasis added). Therefore, even assuming that Mr. Solomon was, in fact, a person authorized to receive service on behalf of Defendants, service does not appear to be proper under N.J. Ct. R. 4:4-4(c) or 4:4-4(a)(6).

Moreover, the Court has concerns as to whether Mr. Solomon even agreed to accept service on behalf of Defendants. Plaintiffs claim that sometime after failing to personally serve Defendants for the second time, they were subsequently contacted via telephone by Mr. Solomon, who, according to Plaintiffs, indicated that he was counsel for Defendants and would accept service on behalf of all Defendants. In support of this contention, Plaintiffs submit a single-sentence email in which Mr. Solomon appears to confirm that he would "accept[] service on behalf

6

of Big Green Group." D.E. 9-6, Ex. D. Thereafter, Plaintiffs served Mr. Solomon via certified mail, return receipt requested, and email. It does not appear that Mr. Solomon executed an acknowledgement of service form. To the extent Plaintiffs may be construing Mr. Solomon's agreement as waiving personal service, the facts above give the Court enough pause to warrant denial of default judgment on such grounds. *See Grand Entertainment Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993) (explaining that "the party asserting the validity of service bears the burden of proof on that issue"); *see also Doug Brady, Inc.*, 205 F.R.D. at 177 (explaining that "district courts must resolve all doubt in favor of proceeding on the merits") (citing *Zawadski de Bueno*, 822 F.2d at 420)). Plaintiffs, moreover, do not provide any authority indicating that such service was appropriate.

Lastly, even if the Court were to find that Mr. Solomon did, in fact, agree to accept service, his email confirmed that he was only "accepting service on behalf of Big Green Group." D.E. 9-6, Ex. D. However, there are three Defendants in this case: (1) Big Green Group, LLC; (2) BGG Holdings I, LLC; and (3) The Dennis Group, LLC. While Plaintiffs contend that Mr. Solomon indicated via telephone that he was authorized to accept service on behalf of all Defendants, this assertion is undercut by the email submitted by Plaintiffs in which Mr. Solomon appears to have agreed to accept service on behalf of Big Green Group, only.

Assuming that is the case, "[i]f a default is entered against some defendants in a multi-party case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against the non-defaulting defendants." *Animal Sci. Products, Inc. v. China Nat. Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008). This is because courts do not want to "create the risk of potentially inconsistent judgments." *Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, No. 15-5057, 2016 WL 54676, at *3 (D.N.J. Jan.

5, 2016) (denying motion for default judgment where allegations against defaulting and non-defaulting defendants were identical). To the extent Plaintiffs may argue that the reference to "Big Green Group" instead encompasses all three Defendants, the Court is cognizant of the fact that "district courts must resolve all doubt in favor of proceeding on the merits." *Doug Brady, Inc.*, 205 F.R.D. at 177 (citing *Zawadski de Bueno*, 822 F.2d at 420). In sum, "the party asserting the validity of service bears the burden of proof on that issue." *Grand Entertainment Grp.*, 988 F.2d at 488. Here, the Court finds that Plaintiffs have not carried their burden, and therefore, Plaintiffs' motion for default judgment is denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment, D.E. 9, is **DENIED** without prejudice. Plaintiff shall be granted leave to re-serve Defendants within ninety (90) days pursuant to the Federal Rules of Civil Procedure.[2] If Plaintiff does not properly re-serve Defendants within ninety (90) days and file proof of service on the docket within ninety-five (95) days from receipt of this Order, then Plaintiffs' motion for default judgment will be dismissed without prejudice. An appropriate Order accompanies this Opinion.

Dated: February 5th, 2020

John Michael Vazquez, U.S.D.J.

---

[2] In lieu of re-serving Defendant Big Green Group, LLC, Plaintiffs may instead choose to provide the Court with relevant authority which establishes that its service was proper as to Defendant Big Green Group, LLC.