**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, *et al*., <br><br> *Plaintiffs*, <br><br> v. <br><br> BIG GREEN GROUP, LLC, *et al*., <br><br> *Defendants*. | Civil Action No. 19-11500 (JMV)(JBC) <br><br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This case concerns the breach of insurance contracts for failure to remit premium payments. D.E. 1. Currently pending before the Court is an unopposed motion for default judgment pursuant to Fed. R. Civ. P. 55(b) by Plaintiffs Zurich American Insurance Company and Zurich American Insurance Company of Illinois (collectively "Plaintiffs") against Defendants Big Green Group, LLC ("Big Green"); BGG Holdings I, LLC ("BGG"); and The Dennis Group, LLC ("TDG," and collectively "Defendants"). D.E. 9. The Court reviewed all submissions made in support of this motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiffs' motion for default judgment is **DENIED**.

## I.    BACKGROUND

Plaintiffs issued workers compensation insurance policies to Defendants, under which Defendants failed to remit full payment of premiums.[1] *See generally* Compl., D.E. 1. Plaintiffs

---

[1] The Court derives the facts from Plaintiffs' Complaint, D.E. 1, as well as the certifications and exhibits submitted in conjunction with Plaintiffs' motion for default judgment, D.E. 9, 17. *See*

therefore brought claims for breach of contract, account stated, and unjust enrichment.  Compl. ¶¶ 39-59.  Plaintiffs filed their Complaint on April 26, 2019.  D.E. 1.  Plaintiffs subsequently moved for entry of default on June 14, 2019, D.E. 4, which the Clerk of the Court declined to enter because service did not appear to be proper.  *Id*.  Plaintiffs then filed a motion for reconsideration, D.E. 5, which they later withdrew, choosing instead to refile another motion for entry of default, D.E. 7. Upon entry of default, Plaintiffs moved for default judgment as to all Defendants.  D.E. 9.

This Court denied the motion for default judgment in an opinion dated February 5, 2020 because Plaintiffs failed to establish that Defendants were properly served.  D.E. 10.  The denial was without prejudice.  *Id.*  Plaintiffs subsequently submitted additional certifications and requested that the Court reconsider the initial motion for default judgment with the benefit of this new information.  Plfs' May 15, 2020 Ltr, D.E. 17-1.

## II.    LAW AND ANALYSIS

Federal Rule of Civil Procedure 55(a) allows for the entry of default against a party who "has failed to plead or otherwise defend" claims against him.  Fed. R. Civ. P. 55(a).  Once a default has been entered, the plaintiff "may [then] seek the Court's entry of default judgement under either Rule 55(b)(1) or Rule 55(b)(2)."  *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 1984) ("Prior to obtaining a default judgment . . . there must be entry of default as provided by Rule 55(a).").  "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be

---

*Trs. of the Teamsters Pension Trust Fund of Phila. & Vicinity v. Riccelli Premium Produce, Inc.*, No. 10-3000, 2011 WL 1114175, at *1 (D.N.J. Mar. 23, 2011).

disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005)).

Prior to entering a default judgment, the court must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 20, 2015). Additionally, the court must consider the following factors: (1) the prejudice suffered by the party seeking default; (2) whether the party subject to default has a meritorious defense; and (3) the culpability of the party subject to default. *Doug Brady, Inc.*, 250 F.R.D. at 177. Importantly, "district courts must resolve all doubt in favor of proceeding on the merits." *Id.* (citing *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987)).

"Before the Court can enter default judgment, it must find that process was properly served on the [d]efendant[s]." *Teamsters*, 2011 WL 4729023, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)). Moreover, "the party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993). Here, default judgment is not warranted because it appears that Plaintiffs did not properly serve Defendants.

Plaintiffs seemingly maintain that they served Defendants via mail, after their multiple attempts at personal service were unsuccessful. Service of process is governed by Federal Rule of Civil Procedure 4. Corporations may be served in the same manner as individuals. Fed. R. Civ. P. 4(h)(1)(A). Individuals may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). Accordingly, service can be made pursuant to the New Jersey Rules of Court. *See Reddy v. MedQuist, Inc.*, No. 06-4410, 2009 WL 2413673, at *4 (D.N.J. Aug. 4, 2009).

In this instance, Plaintiffs contend that they effected service pursuant to New Jersey Court Rule 4:4-3(a). While personal service is the "primary method" of obtaining *in personam* jurisdiction in New Jersey, "*in personam* jurisdiction may be obtained by mail under the circumstances and in the manner provided by R. 4:4-3." *U.S. Bank Nat'l Ass'n v. Curcio*, 130 A.3d 1269, 1275 (N.J. App. Div. 2016). Rule 4:4-3(a) provides that

> If personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service required by R. 4:4-7, service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized by rule of law to accept service for the defendant, or, with postal instructions to deliver to addressee only, to defendant's place of business or employment.

N.J. Ct. R. 4:4-3(a). Rule 4:4-7 requires that when attempting service by mail, "the party making service shall make proof thereof by affidavit which shall also include the facts of the failure to effect personal service and the facts of the affiant's diligent inquiry to determine defendant's place of abode, business or employment." N.J. Ct. R. 4:4-7.

As required by R. 4:4-7, Plaintiffs filed certifications outlining their efforts to personally serve each of the three Defendants and to determine the location of Defendants' businesses for service by mail. *See* Cert. of Inquiry, Mailing and Publication for Defendant, BGG Holdings I,

4

LLC ("BGG Cert."), D.E. 17-1; Cert. of Inquiry, Mailing and Publication for Defendant Big Green Group, LLC ("Big Green Cert."), D.E. 17-15; Cert. of Inquiry, Mailing and Publication for Defendant, The Dennis Group, LLC ("TDG Cert."), D.E. 17-28.  But despite Plaintiffs' efforts, Plaintiffs fail to establish that they actually served any Defendant at a proper address.

First, Plaintiffs attempted to serve BGG and TDG by mail at two different addresses and received a signed return receipt for the certified mail that was sent to 95 West Main Street, Suite 5.  BGG Cert. ¶ 12; TDG Cert. ¶ 12.  Accordingly, service for both entities is based on the mail that was sent to, and was seemingly received by BGG and TDG, at 95 West Main Street.  The policies that Plaintiffs issued for BGG and TDG, however, list a different business address for both entities.  Moreover, the 95 West Main Street address is listed as an "alternate address" for BGG and TDG in  "Lexis Comprehensive Reports" that Plaintiffs performed.  BGG Cert. ¶¶ 2, 6; TDG ¶¶ 2, 6.  Outside of Plaintiffs' conclusion that 95 West Main Street may be a "potential mailing address" for both entities, *see* BGG Cert. ¶ 11, and the Lexis report, Plaintiffs provide no evidence demonstrating that either entity is actually located at 95 West Main Street.  Critically, except for generating the Lexis report, Plaintiffs did not take any other steps to confirm that 95 West Main Street is the correct address for either entity.  *See U.S. Bank Nat'l Ass'n*, 130 A.3d at 1276 (explaining that the plaintiff made a diligent inquiry to confirm the defendant's address because it "employed a private investigator who relied on numerous sources, including the postmaster, the DMV, telephone records, tax records, creditors, and a neighbor to determine defendant's correct address").  Moreover, Plaintiffs' certifications indicate that the 95 West Main Street address is not correct, because when Plaintiffs attempted personal service at this address, the process server was unable to serve either entity and indicated that it was a UPS Store.  BGG Cert. ¶ 8; TDG ¶ 8.

As for Big Green, the 95 West Main Street address is listed on Big Green's website, and as the business address for the policies Plaintiffs issued to Big Green. Big Green Cert. ¶¶ 2-3. But again, when Plaintiffs attempted to personally serve each of the entities, including Big Green, at the 95 West Main Street address, Plaintiffs' process server was unsuccessful "because it is currently a UPS Store." Big Green Cert. ¶ 6. Plaintiffs then used Google and a single Lexis report to reach their conclusion that the 95 West Main Street address was a possible mailing address. But again, Plaintiffs' conclusion is undermined by the fact that the process server was unable to effect personal service at this address. Big Green Cert. ¶ 6. Thus, Plaintiffs also fail to establish that Big Green is located 95 West Main Street. Accordingly, Plaintiffs do not meet their burden of asserting valid service as to any Defendant pursuant to New Jersey Court Rule 4:4-3.

Finally, Plaintiffs explain that pursuant to New Jersey Court Rule 4:4-5(a)(3), they served Defendants via publication in the Star Ledger, a newspaper of statewide circulation. BGG Cert. ¶ 15; Big Green Cert. ¶ 14; TDG Cert. ¶ 15. This rule, however, is limited to obtaining *in rem* jurisdiction. *See* R. 4:4-5(a) (explaining that [w]henever, in actions affecting specific property, or any interest therein, or any res within the jurisdiction of the court, or in matrimonial action over which the court has jurisdiction" service by publication is a potentially valid option). As this case does not involve specific property, an interest therein, a *res*, or a matrimonial action, service by publication is not available to Plaintiffs. Accordingly, Plaintiffs fail to establish service through New Jersey Court Rule 4:4-5(a)(3).

Because Plaintiffs fail to establish that they properly served any Defendant, Plaintiffs' motion for default judgment is denied.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment, D.E. 9, is **DENIED** without prejudice.  Plaintiffs are granted leave to re-serve Defendants within ninety (90) days pursuant to the Federal Rules of Civil Procedure.  If Plaintiffs do not properly re-serve Defendants within ninety (90) days and file proof of service on the docket within ninety-five (95) days from receipt of this Order, Plaintiffs' motion for default judgment will be dismissed with prejudice.  An appropriate Order accompanies this Opinion.

Dated: November 30, 2020

_____
John Michael Vazquez, U.S.D.J.