<u>Not for Publication</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BIG GREEN GROUP, LLC, *et al.*, <br><br> *Defendants*. | Civil Action No. 19-11500 <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This case concerns the breach of insurance contracts for failure to remit premium payments. D.E. 1. Currently pending before the Court is an unopposed motion for default judgment pursuant to Fed. R. Civ. P. 55(b) by Plaintiffs Zurich American Insurance Company and Zurich American Insurance Company of Illinois (collectively "Plaintiffs") against Defendants Big Green Group, LLC ("Big Green") and BGG Holdings I, LLC (individually "BGG" and collectively "Defendants"). D.E. 24. The Court reviewed all submissions made in support of this motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiffs' motion for default judgment is **DENIED**.

**I.    BACKGROUND**

Plaintiffs issued workers compensation insurance policies to Defendants, under which Defendants failed to remit all premium payments.[1] *See generally* Compl., D.E. 1. Plaintiffs

---

[1] The Court derives the facts from Plaintiffs' Complaint, D.E. 1, as well as the certifications and exhibits submitted in conjunction with Plaintiffs' motions for default judgment, D.E. 9, 17, 24. *See Trs. of the Teamsters Pension Trust Fund of Phila. & Vicinity v. Riccelli Premium Produce, Inc.*, No. 10-3000, 2011 WL 1114175, at *1 (D.N.J. Mar. 23, 2011).

brought claims for breach of contract, account stated, and unjust enrichment. Compl. ¶¶ 39-59. Plaintiffs filed their Complaint on April 26, 2019. D.E. 1. Plaintiffs subsequently moved for entry of default on June 14, 2019, D.E. 4, which the Clerk of the Court declined to enter because service did not appear to be proper. *Id*. Plaintiffs then filed a motion for reconsideration, D.E. 5, which they later withdrew, choosing instead to refile another motion for entry of default, D.E. 7. Upon entry of default, Plaintiffs moved for default judgment as to all Defendants. D.E. 9.

This Court denied the motion for default judgment in an opinion dated February 5, 2020 because Plaintiffs failed to establish that Defendants were properly served. D.E. 10. The denial was without prejudice, and Plaintiffs were given 90-days to properly reserve. *Id*. Plaintiffs subsequently submitted additional certifications and requested that the Court reconsider the initial motion for default judgment with the benefit of this new information. Plfs' May 15, 2020 Ltr., D.E. 17-1. On November 30, 2020, this Court again denied the motion for default judgment because Plaintiffs still failed to establish that Defendants were properly served. D.E. 18. The denial was without prejudice, and Plaintiffs were given 90-days to re-serve Defendants. *Id.*

On February 18, 2021, Plaintiffs indicated that they served Big Green and BGG, D.E. 20, 21, and subsequently requested that default be entered as to these Defendants, D.E. 23. The Clerk's Office entered default and on March 24, 2021, Plaintiffs filed the instant motion for default judgment. D.E. 24.

II.   **LAW AND ANALYSIS**

Federal Rule of Civil Procedure 55(a) allows for the entry of default against a party who "has failed to plead or otherwise defend" claims against him. Fed. R. Civ. P. 55(a). Once a default has been entered, the plaintiff "may [then] seek the Court's entry of default judgement under either Rule 55(b)(1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250

F.R.D. 171, 177 (D.N.J. 2008); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 1984) ("Prior to obtaining a default judgment . . . there must be entry of default as provided by Rule 55(a)."). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005)).

Prior to entering a default judgment, the court must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 20, 2015). Additionally, the court must consider the following factors: (1) the prejudice suffered by the party seeking default; (2) whether the party subject to default has a meritorious defense; and (3) the culpability of the party subject to default. *Doug Brady, Inc.*, 250 F.R.D. at 177. Importantly, "district courts must resolve all doubt in favor of proceeding on the merits." *Id.* (citing *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987)).

"Before the Court can enter default judgment, it must find that process was properly served on the [d]efendant[s]." *Teamsters*, 2011 WL 4729023, at *2 (citing *Gold Kist, Inc. v. Laurinburg*

3

*Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)).  Moreover, "the party asserting the validity of service bears the burden of proof on that issue."  *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993).  Service of process is governed by Federal Rule of Civil Procedure 4, and Rule 4(h) governs service of corporations, partnerships, and unincorporated associations.  Fed. R. Civ. P. 4(h).  Rule 4(h)(1)(A) provides that an entity may be served "in the manner prescribed by Rule 4(e)(1)."  Fed. R. Civ. P. 4(h)(1)(A).  Pursuant to Rule 4(e), an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  *See* Fed. R. Civ. P. 4(e)(1).

Plaintiffs maintain that they served Defendants pursuant to N.J. Stat. Ann. § 2A:15-30.1. Kadian Cert. ¶ 6, D.E. 24-1.  N.J. Stat. Ann. § 2A:15-30.1, which permits substituted service on certain entities, provides in part as follows:

> b. If a business entity, foreign or domestic, is required to register with a State official or agency to transact business in this State and is required to register an address or an agent in this State for the service of process, process in any action in any court of this State directed to the business may be served on the State official or agency, if:
> (1) The business entity failed to register or re-register as required by law; or
> (2) The business entity has failed to maintain a registered address or a registered agent in this State for service of process, as required by law.

N.J. Stat. Ann. § 2A:15-30.1(b).

Here, Plaintiffs served the wrong State agency.  Plaintiffs state that they served Defendants via the New Jersey Secretary of State.  Kadian Cert. ¶ 6.  But "the State Treasurer is authorized to receive service of process on behalf of entities that have failed to maintain a registered agent or

4

failed to register with the State Treasurer."[2] *Argonaut-Midwest Ins. Co. v. Colt Logistics Inc.*, No. 18-11783, 2018 WL 6716104, at *1 n.2 (D.N.J. Dec. 20, 2018); *see also B & B Realty Assocs., LLC v, J & S Mgmt. Enter., Inc.*, No. A-1002-06T11002-06T1, 2008 WL 4681981, at *5 (N.J. App. Div. Oct. 22, 2008) (concluding that substituted service on New Jersey Department of Treasury under N.J. Stat. Ann. § 2A:15-30.1 for defunct corporation was "good service"). Because Plaintiffs failed to serve the proper state agency, the Court cannot conclude that service was proper under N.J. Stat. Ann. § 2A:15-30.1(b). Plaintiffs, therefore, still fail to establish proper service as to any Defendant. Accordingly, Plaintiffs' motion for default judgment is denied.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment, D.E. 24, is **DENIED** without prejudice. Plaintiffs are granted leave to re-serve Defendants within ninety (90) days pursuant to the Federal Rules of Civil Procedure. If Plaintiffs do not properly re-serve Defendants within ninety (90) days and file proof of service on the docket within ninety-five (95) days from receipt of this Order, Plaintiffs' motion for default judgment will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: October 8, 2021

_____
John Michael Vazquez, U.S.D.J.

---

[2] More than twenty years ago, the job of maintaining business records was transferred from the New Jersey Secretary of State to the State Treasurer. *See* Executive Reorganization Plan No. 004-1998.