Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ZURICH AMERICAN INSURANCE
COMPANY and ZURICH AMERICAN
INSURANCE COMPANY OF ILLINOIS,

    *Plaintiffs*,

v.

BIG GREEN GROUP, LLC, BGG HOLDINGS
I, LLC, and THE DENNIS GROUP, LLC,

    *Defendant*.

Civil Action No. 19-11500

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court on Plaintiffs' motion for default judgment against Defendants Big Green Group, LLC ("Big Green") and BGG Holdings I, LLC (individually "BGG" and collectively "Defendants") pursuant to Federal Rule of Civil Procedure 55(b). D.E. 30. The Court reviewed the submission in support of the motion[1] and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons that follow, Plaintiffs' motion is **DENIED**.

---

[1] Pursuant to Local Civil Rule 7.1(d), motion papers must be accompanied by a brief or, in lieu of a brief, a statement that no brief is necessary and the reasons therefor. L. Civ. R. 7.1(d)(1), (3).

**I.      BACKGROUND**

On April 26, 2019, Plaintiffs filed their Complaint bringing claims for breach of contract, account stated, and unjust enrichment. D.E. 1 ("Compl."). On June 14, 2019, Plaintiffs moved for entry of default, D.E. 4, which the Clerk of the Court declined to enter because service did not appear proper. Plaintiffs then filed a motion for reconsideration, D.E. 5, which they later withdrew, choosing instead to refile another motion for entry of default, D.E. 7. Upon entry of default, Plaintiffs moved for default judgment as to all Defendants. D.E. 9. On February 5, 2020, the Court denied the motion for default judgment because Plaintiffs failed to establish that Defendants were properly served. D.E. 10. The denial was without prejudice, and Plaintiffs were given 90 days to properly re-serve Defendants. *Id.*

On May 15, 2020, Plaintiffs submitted additional certifications and requested that the Court reconsider the initial motion for default judgment. D.E. 17. On November 30, 2020, the Court again denied the motion for default judgment because Plaintiffs had again failed to establish that Defendants were properly served. D.E. 18. The denial was without prejudice, and Plaintiffs were given 90 days to properly re-serve Defendants. *Id.*

On February 18, 2021, Plaintiffs indicated that they had served Big Green and BGG, D.E. 20, 21, and requested that default be entered as to these Defendants, D.E. 23. The Clerk of the Court subsequently entered default, and on March 24, 2021, Plaintiffs filed another motion for default judgment. D.E. 24. On October 8, 2021, the Court again denied Plaintiffs' motion for failure to establish proper service. D.E. 25. The Court noted that Plaintiffs served Defendants via the New Jersey Secretary of State, whereas the State Treasurer was the proper state agency for service. *Id.* at 4-5. The Court's denial was without prejudice, and Plaintiffs were again given 90 days to properly re-serve Defendants. *Id.* at 5.

On December 29, 2021, Plaintiffs filed proof of service upon Big Green and BBG by way of service upon the New Jersey Department of the Treasury. D.E. 27, 28. On March 22, 2022, the entered an order as to Plaintiffs. D.E. 29. On April 11, 2022, Plaintiffs filed the instant motion for a default judgment against Big Green and BBG. D.E. 30.

## II.     STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure permits a court to enter a default judgment against a properly served defendant who fails to respond. *Anchorage Assoc. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Prior to entering a default judgment, the court must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, Civ. No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). The Court must also consider the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable

conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

### III.    ANALYSIS

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant[s]." *Teamsters Pension Fund*, 2011 WL 4729023, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Co.*, Inc., 756 F.2d 14, 19 (3d Cir. 1985)). Moreover, "the party asserting validity of service bears the burden of proof on that issue." *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993). Plaintiffs maintain that they properly re-served Defendants by way of personal service on the New Jersey Department of Treasury, pursuant to N.J. Stat. Ann. § 2A:15-30.1. D.E. 30-1 (hereinafter, "Kadian Cert.") ¶ 6. N.J. Stat. Ann. § 2A:15-30.1 provides in part as follows:

> b. If a business entity, foreign or domestic, is required to register with a State official or agency to transact business in this State and is required to register an address or an agent in this State for the service of process, process in any action in any court of this State directed to the business may be served on the State official or agency, if:
>     (1) The business entity failed to register or re-register as required by law; or
>     (2) The business entity has failed to maintain a registered address or a registered agent in this State for service of process, as required by law.

N.J. Stat. Ann. § 2A:15-30.1(b). Plaintiffs also aver that "Defendants appear to be defunct corporations that failed to register with a New Jersey official or agency to transact business in New Jersey and failed to register and address or agent for service of process in New Jersey." Kadian Cert. ¶ 5. "The State Treasurer is authorized to receive service of process on behalf of entities that have failed to maintain a registered agent or failed to register with the State Treasurer." *Argonaut-Midwest Ins. Co. v. Colt Logistics Inc.*, Civ. No. 18-11783, 2018 WL 6716104, at *1 n.2

(D.N.J. Dec. 20, 2018). Thus, the Court finds that Defendants were properly served by way of service upon the New Jersey Department of Treasury.

The Court next analyzes whether it has jurisdiction over the subject matter and the parties. Plaintiffs claim that jurisdiction is properly based on diversity of citizenship under 28 U.S.C. § 1332. Compl. ¶ 8. Section 1332 provides that a district court has diversity jurisdiction when (1) the dispute is between "citizens of different States" and (2) the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). Plaintiffs allege that the amount in controversy between the parties exceeds $75,000.00. *Id.* ¶ 7. The Complaint also alleges that Plaintiff Zurich American Insurance Company is a New York corporation with a principal place of business in Illinois; Plaintiff Zurich American Insurance Company of Illinois is an Illinois corporation with a principal place of business in the same state; and Defendants—all LLCs—are organized under the laws of the State of Delaware with principal places of business in New Jersey. *Id.* ¶¶ 1-5. Critically, Plaintiffs do not provide any information about the citizenship of the members of the Defendant LLCs. Without such information, the Court cannot determine the citizenship of Defendants for purposes of diversity jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (explaining that for purposes of diversity jurisdiction, the citizenship of an LLC "is determined by the citizenship of its members"). Accordingly, Plaintiffs have not shown that the Court has subject matter jurisdiction, and Plaintiff's motion for default judgment is denied.

IV.     **CONCLUSION**

For the foregoing reasons, and good cause shown,

IT IS on this 17th day of May 2022,

**ORDERED** that Plaintiffs' motion for default judgment, D.E. 30, is **DENIED without prejudice**; and it is further

**ORDERED** that Plaintiffs shall have forty-five (45) days to submit supplemental information regarding the citizenship of Defendants. If Plaintiffs do not submit such information within forty-five (45) days, Plaintiffs' motion for default judgment will be dismissed with prejudice.

_____
John Michael Vazquez, U.S.D.J.