**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,<br><br>*Plaintiffs*,<br><br>v.<br><br>BIG GREEN GROUP, LLC and BGG HOLDINGS I, LLC,<br><br>*Defendants*. | Civil Action No. 19-11500<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on the unopposed motion of Plaintiffs Zurich American Insurance Company ("Zurich American") and Zurich American Insurance Company of Illinois ("Zurich Illinois") for default judgment against Defendants Big Green Group, LLC ("BGG") and BGG Holdings I, LLC ("BGG Holdings") pursuant to Fed. R. Civ. P. 55(b). D.E. 30. The Court reviewed the submissions[1] in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated herein, Plaintiffs' motion is **GRANTED**.

---

[1] The submissions consist of Plaintiffs' motion for default judgment and accompanying exhibits, D.E. 30; the Certification of Denis E. Kadian regarding diversity of citizenship, D.E. 32; and Plaintiffs' supplemental memorandum regarding choice of law, D.E. 37. The Court notes that, pursuant to Local Civil Rule 7.1(d), motion papers must be accompanied by a brief or, in lieu of a brief, a statement that no brief is necessary and the reasons therefor. L. Civ. R. 7.1.(d)(1), (4).

I.  **FACTS AND PROCEDURAL HISTORY**

On April 26, 2019, Plaintiffs filed their Complaint alleging breach of contract, account stated, and unjust enrichment. D.E. 1 ("Compl."). The Complaint seeks $79,505.05 in damages representing unpaid premiums due under two workers compensation insurance policies. The first is Policy No. WC 0180517-01 which was effective from July 23, 2016 to July 23, 2017 ("2016 Policy"). *See Id.* ¶ 10; D.E. 30-8. The second is Policy No. WC 0180517-02 which was effective from July 23, 2017 to July 23, 2018 ("2017 Policy"). *See* Compl. ¶ 11; D.E. 30-9. On June 14, 2019, Plaintiffs moved for entry of default, D.E. 4, which the Clerk of the Court declined to enter because service did not appear proper. Plaintiffs then filed a motion for reconsideration, D.E. 5, which they later withdrew, choosing instead to file another motion for entry of default, D.E. 7. Upon entry of default, Plaintiffs moved for default judgment as to all Defendants. D.E. 9. The Court denied the motion for default judgment because Plaintiffs failed to establish that Defendants were properly served. D.E. 10, 11. The denial was without prejudice, and Plaintiffs were given ninety days to properly re-serve Defendants. *Id.*

On May 15, 2020, Plaintiffs submitted additional certifications and requested that the Court reconsider the initial motion for default judgment. D.E. 17. The Court again denied the motion for default judgment because Plaintiffs had again failed to establish that Defendants were properly served. D.E. 18, 19. The denial was without prejudice, and Plaintiffs were given ninety days to properly re-serve Defendants. *Id*.

On February 18, 2021, Plaintiffs indicated that they served BGG and BGG Holdings, D.E. 20, 21, and requested that default be entered as to those Defendants, D.E. 23. The Clerk of the Court entered default as to BGG and BGG Holdings on March 15, 2021, and Plaintiffs filed another motion for default judgment on March 19, 2021. D.E. 24. The Court again denied Plaintiffs'

motion for failure to establish proper service. D.E. 25, 26. The Court noted that Plaintiffs attempted to serve Defendants via the New Jersey Secretary of State, whereas the State Treasurer was the proper agency for service. D.E. 25 at 4-5. The Court's denial was without prejudice, and Plaintiffs were again given ninety days to properly re-serve Defendants. *Id.* at 5.

On December 29, 2021, Plaintiffs filed proof of service as to BGG and BGG Holdings by way of service upon the New Jersey Department of Treasury. D.E. 27, 28. The Court then entered an order directing Plaintiffs to request that a default judgment be entered. D.E. 29. Plaintiffs subsequently filed a motion for a default judgment against BGG and BGG Holdings. D.E. 30. The Court again denied Plaintiffs' motion without prejudice. D.E. 31. While Plaintiffs had properly served Defendants by way of service upon the New Jersey Department of Treasury, Plaintiffs had provided the Court with no information about the citizenship of the members of the Defendant LLCs, and thus had not established that the Court had subject matter jurisdiction. *Id.* at 5. Plaintiffs were granted forty-five days to submit supplemental information regarding the citizenship of Defendants, which they did as to BGG and BGG Holdings. D.E. 32. The Court then ordered Plaintiffs to submit supplemental information regarding the citizenship of The Dennis Group, LLC, or dismiss that party from the case. D.E. 33. Plaintiffs elected to dismiss The Dennis Group, LLC, and that dismissal was ordered on October 7, 2022. D.E. 34, 35.

On January 4, 2023, the Court ordered Plaintiffs to submit a supplemental memorandum analyzing which jurisdiction's law applies to each substantive claim and analyzing the sufficiency of those claims. D.E. 36. Plaintiffs complied, D.E. 37, and while they did not re-file or renew their motion for default judgment at D.E. 30, the Court treats that filing as the operative motion.

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure permits a court to enter a default judgment against a properly served defendant who fails to respond. *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Prior to entering a default judgment, the Court must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). The Court must also consider the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citation omitted); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006) (citation omitted).

### III. ANALYSIS

#### A. Subject Matter Jurisdiction

When a default judgment is sought against a party that has not filed responsive pleadings, the Court "'has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 05-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

The Court has subject matter jurisdiction. Diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a). A corporation is a citizen of every state in which it is incorporated and in the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). "[T]he citizenship of an LLC is determined by the citizenship of its members." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citation omitted). Plaintiff Zurich American is a New York corporation with its principal place of business Illinois. Compl. ¶ 1. Plaintiff Zurich Illinois is an Illinois corporation with its principal place of business in Illinois. *Id.* ¶ 2. Defendant BGG is an LLC, the sole member of which is Michael A. Dennis. D.E. 32 ("Kadian Cert.") ¶¶ 3, 6-8. Michael A. Dennis appears to be a citizen of New Jersey. *Id.* ¶¶ 9-12. Defendant BGG Holdings is an LLC, the sole member of which is also Michael A. Dennis. *Id.* ¶ 16-20. Plaintiffs are claiming $79,505.05 in damages before interest and costs. Compl. ¶ 38; D.E. 30-1 ¶ 12. Therefore, all plaintiffs are diverse from all defendants[2] and the amount in controversy is greater than $75,000.

---

[2] As discussed above, The Dennis Group, LLC was dismissed as a party subject to a voluntary dismissal. D.E. 35. As such, the Court does not consider their citizenship for purposes of diversity jurisdiction.

### B. Personal Jurisdiction

The Court has personal jurisdiction over Defendants. For entities, "the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citation omitted). Plaintiffs allege that both Defendants have their principal places of business in New Jersey. Compl. ¶¶ 3-4; Kadian Cert. ¶¶ 3, 13. Because New Jersey is the paradigmatic forum to exercise jurisdiction over Defendants, the Court finds that it has personal jurisdiction over them.

### C. Sufficiency of Service

The Court previously found that Defendants had been properly served by way of service upon the New Jersey Department of Treasury. D.E. 31 at 4-5. The same analysis controls, and thus service on Defendants was sufficient.

### D. Sufficiency of Plaintiffs' Causes of Action

Next, the Court must determine whether the Complaint sufficiently states a cause of action. In doing so, the Court must accept all well-pleaded factual allegations in the Complaint as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36.

Before the Court can analyze whether Plaintiffs have sufficiently stated a cause of action, it must determine which substantive law applies. "[A] federal court sitting in diversity must apply the choice-of-law rules of the forum state"—here, New Jersey. *LeJeune v. Bliss-Salem, Inc.*, 85 F.3d 1069, 1071 (3d Cir. 1996) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). In the absence of a choice of law provision in the contract, New Jersey's choice of law analysis requires the Court to first determine "whether there is an 'actual conflict' between the laws of the potentially interested states on the issue in question." *Spence-Parker v. Del. River & Bay Auth.*, 656 F. Supp. 2d 488, 497 (D.N.J. 2009). "[I]f there is no divergence between the

potentially applicable laws," the analysis ends and the forum state's law applies—here, New Jersey. *Id.* If a conflict is present, however, the Court must determine "'which state has the most meaningful connections with and interests in the transaction and the parties.'" *Id.* (quoting *NL Indus., Inc. v. Com. Union Ins. Co.*, 65 F.3d 314, 319 (3d Cir. 1995)). In making this determination, the Court must "weigh the factors enumerated in the Restatement [(Second, Conflict of Laws)] section corresponding to the plaintiffs' cause of action." *Nafar v. Hollywood Tanning Sys., Inc.*, 339 F. App'x 216, 220 (3d Cir. 2009) (citation omitted).

In Plaintiffs' supplemental memorandum, they note that the "choice of law analysis requires comparison of Illinois, New York and New Jersey law" because Plaintiffs have connections with New York (Zurich American's state of incorporation) and Illinois (Zurich Illinois' state of incorporation and the state containing both Plaintiffs' principal place of business) and the Defendants are citizens of New Jersey and have their principal place of business in New Jersey. D.E. 37 at 3. The 2016 Policy and 2017 Policy contain no choice of law provision; therefore, the Court must first analyze whether "an actual conflict exists" between New Jersey, New York, and Illinois substantive law. *Spence-Parker*, 656 F. Supp. 2d. at 497.

The Complaint alleges three causes of action: breach of contract, account stated, and unjust enrichment. *See* Compl. ¶¶ 39-59. New Jersey, New York, and Illinois each require a plaintiff to allege the same four elements in order to state a claim for breach of contract: "(1) the existence of a contract between the plaintiff and the defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." *Atl. Power & Elec. Co. v. Big Jake*, 583 F. Supp. 3d 631, 639 (D.N.J. 2022); *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 188-89 (S.D.N.Y. 2011) ("Under New York law, there are four elements to

7

a breach of contract claim: '(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.'" (citation omitted)); *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 522 (7th Cir. 2022) ("Under Illinois law, 'The elements of a breach of contract claim are: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff.'" (citation omitted)). Because there is no "actual conflict" on this point, the Court will apply New Jersey law. *Maniscalco v. Brother Int'l Corp.*, 793 F. Supp. 2d 696, 704 (D.N.J. 2011).

Plaintiffs' allegations sufficiently plead a breach of contract under New Jersey law. Plaintiffs allege that the 2016 Policy and 2017 Policy were valid contracts. Compl. ¶¶ 10-13, 40-41. Plaintiffs further allege that they performed their obligations under both policies by providing coverage to Defendants, *id.* ¶ 14, and that Defendants breached the contract by failing to make required payments. *Id*. ¶¶ 22, 31, 33-38, 42-44. Moreover, Plaintiffs allege that they suffered losses due to Defendants' breach. *Id.* ¶¶ 38, 45. Accordingly, Plaintiffs have sufficiently pled a breach of contract claim as to Defendants.

The Court does not reach Plaintiffs' alternative, mutually exclusive claims for account stated and unjust enrichment because Plaintiffs' claim for breach of contract was sufficiently pled. *See Lincoln Harbor Enters., LLC v. M.Y. Diplomat*, No. 08-526, 2008 WL 5046787, at *5 (D.N.J. Nov. 21, 2008) (citation omitted) (holding that Plaintiff adequately pled breach of contract and thus the court did not need to address claims for, *inter alia*, account stated in its default judgment decision because the claims all "ar[o]se from the same conduct or omission" and they were "mutually exclusive, alternative theories"); *see also Maersk Line v. TJM Int'l Ltd. Liab. Co.*, 427 F. Supp. 3d 528, 534-36 (D.N.J. 2019) (finding on a default judgment motion that because plaintiff

adequately pled breach of contract, the court did not need to address plaintiff's unjust enrichment or account stated claims); *Est. of Ianuzzi through Carroll v. Torres*, No. 22-1269, 2022 WL 2093143, at *4 (D.N.J. June 10, 2022) (finding on a default judgment motion that the Court did not need to "analyze whether Plaintiff has stated a claim for unjust enrichment" because "Plaintiff adequately pled the elements of breach of contract").

### E. Damages

While the factual allegations of the Complaint "will be taken as true," the amount of damages must still be proven, and under New Jersey law, contract damages must be proven "to a reasonable degree of certainty." *Garcia-Martinez v. V. Puzino Dairy, Inc.*, No. 11-6829, 2014 WL 956123, at *1 (D.N.J. Mar. 12, 2014).

Plaintiffs are seeking damages of $79,505.05, plus interests and costs. Compl. ¶ 45; D.E. 30-12. Plaintiffs provided an affirmation in support of their motion for default judgment supporting their allegations as to damages. D.E. 30-6. Plaintiffs seek $40,525.87 in compensatory damages under the 2016 Policy, which includes initial premiums ($75,400), additional premiums ($19,492), and additional charges ($11,590.02) less Defendants remitted partial payments ($65,956.15). Compl. ¶¶ 17-22; D.E. 30-6 ¶¶ 11-16. Plaintiffs provided adequate documentation of the $75,400 in initial premiums due under the 2016 Policy, D.E. 30-8 at 8, and the $19,492 in additional premiums due under the 2016 Policy, D.E. 30-10 at 2-4. Plaintiffs have not, however, provided adequate documentation to support the $11,590.02 in additional charges they allegedly are owed under the 2016 Policy. D.E. 30-6 ¶ 14. Without any documentation, Plaintiffs have not met their burden of proving such damages, and the $11,590.02 of alleged additional charges will

9

not be included in the damages award.³ *See Garcia-Martinez*, 2014 WL 956123, at *1 ("On a motion for default judgment . . . [d]amages must still be proven."). In sum, Plaintiffs are presently entitled to recover $28,935.85 under the 2016 Policy, which includes initial premiums ($75,400) and additional premiums ($19,492) less Defendants remitted partial payments ($65,956.15).

As to the 2017 Policy, Plaintiffs seek $88,234.18 in compensatory damages, which includes initial premiums ($73,784) and additional premiums ($31,764) less Plaintiffs credit endorsement ($6,003) and Defendants' partial payments ($11,310.82). Compl. ¶¶ 25-31; D.E. 30-6 ¶¶ 19-25. Plaintiffs provided adequate support for the $73,784 in initial premiums due under the 2017 Policy, D.E. 30-9 at 8, and of the $31,764 in additional premiums due under the 2017 Policy, D.E. 30-11 at 2-4. In sum, Plaintiffs are presently entitled to recover $88,234.18 under the 2017 Policy, which includes initial premiums ($73,784) and additional premiums ($31,764) less the credit endorsement ($6,003) and the remitted partial payments ($11,310.82). Plaintiffs also seek $84 in damages for alleged late fees, but do not provide any adequate documentation supporting such damages. Compl. ¶ 32; D.E. 30-6 ¶ 26. Without any documentation, Plaintiffs have not met their burden of proving such damages, and the $84 of alleged late fees will not be included in the damages award.⁴ *See Garcia-Martinez*, 2014 WL 956123, at *1 ("On a motion for default judgment . . . [d]amages must still be proven."). Finally, Plaintiffs reduce the amount they are allegedly owed by $49,339, representing prior credits and payments from Defendants.

---

³ While the Court does not include the $11,590.02 in additional charges in its damages award at this time, Plaintiffs may, within fourteen (14) days from the entry of the accompanying Order, submit supplemental documentation to establish this figure.

⁴ While the Court does not include the $84 in additional charges in its damages award at this time, Plaintiffs may, within fourteen (14) days from the entry of the accompanying Order, submit supplemental documentation to establish this amount.

In sum, Plaintiffs are entitled to default judgment in the amount of $67,831.03,[5] which includes substantiated damages under the 2016 Policy ($28,935.85) and substantiated damages under the 2017 Policy ($88,234.18) less prior credits and payments ($49,339).

### F. Default Judgment Factors

Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

Here, all three factors weigh in favor of entering default judgment. Plaintiffs would not be able to recover damages owed under the 2016 Policy and 2017 Policy, and therefore would be unfairly prejudiced if no default judgment is entered. *Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *2 (D.N.J. Mar. 14, 2006). Next, Defendants have not responded to the Complaint, and thus "ha[ve] put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *Knights Franchise Sys., Inc. v. Sairam, Inc.*, No. 17-00932, 2017 WL 4074023, at *5 (D.N.J. Sept. 14, 2017) (quoting *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015)). Based on the allegations in the Complaint, the Court also does not see a basis for a meritorious defense. As to the third factor, Defendants' failure to answer, without providing any reasonable explanation, demonstrates Defendants' culpability in their default. *Teamsters Health & Welfare Fund of Phila. & Vicinity v.*

---

[5] While the statutory grant of diversity jurisdiction requires that the "matter in controversy exceeds the sum or value of $75,000," 28 U.S.C. § 1332(a), "'the sum claimed by the plaintiff[s] controls if the claim is apparently made in good faith.'" *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 517 (D.N.J. 2007) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). The Court sees no reason to believe that Plaintiffs did not allege their initial entitlement to damages in good faith, and thus, their failure to substantiate more than $75,000 in damages does not strip the Court of jurisdiction.

11

*Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *4 (D.N.J. July 24, 2012). As a result, the Court finds that default judgment is warranted.

### IV. CONCLUSION

For the foregoing reasons, and for good cause shown, Plaintiffs' motion for default judgment, D.E. 30, is **GRANTED**. Accordingly, the Court will enter default judgment against Defendants Big Green Group, LLC and BGG Holdings I, LLC in the amount of $67,831.03. An appropriate Order accompanies this Opinion.

Dated: February 9, 2023

_____
John Michael Vazquez, U.S.D.J.